Terry E. Fenzl (#002485)
Maria Salapska (#019585)
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue
Post Office Box 400
Phoenix, Arizona 85001-0400
(602) 351-8000
*tfenzl@perkinscoie.com*
*msalapska@perkinscoie.com*

Attorneys for Plaintiff
  Marlyn Nutraceuticals, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Marlyn Nutraceuticals, Inc., an Arizona corporation,<br><br>Plaintiff,<br><br>v.<br><br>Arthur Andrew Medical, Inc., an Arizona corporation, dba Enzymus Medical; Justin Marsh and Jane Doe Marsh, husband and wife; Thomas Aldrich and Jane Doe Aldrich, husband and wife; David Hurowitz and Jane Doe Hurowitz, husband and wife; John Doe 1-10 and Jane Doe 1-10; ABC Partnership 1-10; and XYZ Corporation 1-10,<br><br>Defendants. | No.<br><br>**VERIFIED COMPLAINT FOR VIOLATION OF LANHAM ACT; TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND UNJUST ENRICHMENT** |

Plaintiff Marlyn Nutraceuticals, Inc. ("Marlyn"), for its complaint against Defendants: Arthur Andrew Medical, Inc. ("AAM"), Justin Marsh ("Marsh"), Thomas Aldrich ("Aldrich") and David Hurowitz ("Hurowitz") (collectively, "Defendants"), states as follows:

**NATURE OF THE ACTION**

1. Wobenzym® is a versatile anti-inflammatory and immune-system-boosting product containing enzymes. It was developed in Germany in the 1960s and was first used in commerce in the 1980s. Marlyn is the exclusive licensee of the Wobenzym® trademark and has the exclusive right to distribute Wobenzym® products in the United States. Marlyn has used the Wobenzym® mark throughout the United States, since the 1990s, to promote its business and to advertise, at considerable cost, its products to its existing and prospective clients. Among other means of marketing, Marlyn has been operating a website with the domain name: "*www.wobenzym.com*." Defendants have marketed and sold, and continue to market and sell, nutritional supplements to the public in a manner that represents to the public that Defendants' nutritional supplements are Wobenzym® products, thus misleading the public into believing that Marlyn is associated with the goods marketed and sold by Defendants. For example, Defendant Hurowitz registered—and the remaining Defendants are operating—a website with the domain name "*www.wobenzym.ws*," where they offer for sale products that compete with Marlyn's products, wrongfully using the "Wobenzym" name to promote competing products in a manner likely to confuse the public as to the source of their products. Defendants' conduct has caused Marlyn irreparable harm and, unless Defendants are enjoined from further false advertising, trademark infringement and unfair competition, Marlyn will continue to suffer further immediate and irreparable injury.

**THE PARTIES**

2. Plaintiff Marlyn is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business in Phoenix, Arizona.

3.     Defendant AAM is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business in Scottsdale, Arizona.

4.     Upon information and belief, Defendant Aldrich is an officer and director of AAM and a resident of the State of Arizona.  Upon information and belief, Defendants Aldrich and Jane Doe Aldrich are husband and wife, residing in the State of Arizona.  At all times relevant to this complaint, Defendant Aldrich was acting for and on behalf of their marital community.

5.     Upon information and belief, Defendant Marsh is an officer and director of AAM and a resident of the State of Arizona.  Upon information and belief, Defendants Marsh and Jane Doe Marsh are husband and wife, residing in the State of Arizona.  At all times relevant to this complaint Defendant Marsh was acting for and on behalf of their marital community.

6.     Upon information and belief, Defendant Hurowitz is a resident of the State of Arizona, is employed by or affiliated with AAM, and at all times relevant hereto was acting for his own and AAM's benefit.  Upon information and belief, Defendants Hurowitz and Jane Doe Hurowitz are husband and wife, residing in the State of Arizona.  At all times relevant to this complaint, Defendant Hurowitz was acting for and on behalf of their marital community.

7.     Defendants John Doe 1-10 and Jane Doe 1-10; ABC Partnership 1-10; and XYZ Corporation 1-10 are names of fictitious individuals, partnerships and corporations and Marlyn reserves the right to insert the true and correct names of said Defendants when and if Marlyn learns their names.  At all times material hereto, Defendants John Doe 1-10 and Jane Doe 1-10 were acting for and on behalf of their respective marital communities.  Upon information and belief, Defendants John Doe 1-10 and Jane Doe 1-10; ABC Partnership 1-10, and XYZ Corporation 1-10 have caused events to occur in Maricopa County out of which this Complaint arises.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over the Lanham Act § 43(a) (15 U.S.C. § 1125(a)) claims set forth below by virtue of 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a), and over the state law claims arising from the same nucleus of operative facts set forth below by virtue of 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a).

9. Venue is proper in this district under 28 U.S.C. § 1391(b) because, among other reasons, upon information and belief, all the Defendants are residents of the State of Arizona and/or do business in Arizona.

**MARLYN'S BUSINESS AND ITS PROTECTED MARKS**

10. Wobenzym® is a versatile anti-inflammatory and immune-system-boosting product containing enzymes. It is marketed as systemic enzyme therapy. It was developed in Germany in the 1960s and was first used in commerce in 1980s. Marlyn is the exclusive licensee of the Wobenzym® trademark in the United States and has the exclusive right to distribute Wobenzym® products in the United States.

11. Nutraceuticals (derived from two words, nutrition and pharmaceuticals) are defined as food or parts of food (extracted from selected plants and animals) that provide health or medical benefits, including the prevention and treatment of disease. Examples include folic acid (to prevent birth defects), or pectin (to lower cholesterol) or fiber (to reduce the risk of colon cancer). *See www.glyconutrientsreference.com/definitions.php*.

12. Marlyn has been a leader in manufacturing nutraceuticals and vitamin supplements for nearly three decades. Recognizing its excellence and contributions to the industry, the Arizona Association of Industries granted Marlyn the Manufacturer of the Year Award in 2005.

13. The United States Patent and Trademark Office first registered the trademark in 1992 to Mucos Emulsions, GmbH Corporation ("Mucos") as U.S. Trademark Registration No. 1714967. The registration was renewed in 2002. The mark is arbitrary, inherently distinctive and has significant commercial value.

14. Marlyn is the exclusive licensee of the Wobenzym® trademark in the United States and has a right, expressly granted by Mucos, to pursue legal claims against infringers.

15. To better serve its clients and to open new marketing avenues, in the early 1990s Marlyn created a new website on the Internet and registered the domain name "*www.wobenzym.com*" to serve as one of Marlyn's web addresses for the purpose of marketing Wobenzym® products. The word "Wobenzym" is displayed prominently on the pages of the website.

**DEFENDANTS' WRONGFUL CONDUCT**

16. Defendants' have created and operate a website *www.wobenzym.ws*. This and other websites operated by Defendants are addressed to a nationwide audience (identical to the classes of clients that Marlyn seeks to attract to its Wobenzym® products) and solicit business for products that claim the same characteristics as those that Marlyn offers and features on its own website and in other promotional materials.

17. Defendants' website using the domain name *www.wobenzym.ws* is registered through a German webmaster, Schlund+partner AG, further enhancing the impression that the site offers German-invented Wobenzym® products.

18. Defendants are not authorized to distribute Wobenzym® products in the United States or elsewhere and, on information and belief, do not sell genuine Wobenzym® products.

19. However, the *www.wobenzym.ws* website operated by Defendants makes extensive and misleading use of the "Wobenzym" name (e.g., "Wobenzym," "Wobenzym Anti-Inflammatory," "Wobenzym Arthritis," "Wobenzym Blood Clots," etc.) to sell products that are not, in fact, authentic Wobenzym® products. For example, the first paragraphs of the narrative under the "Wobenzym at Wobenzym" title state as follows:

> We offer Wobenzym to our customers. We are committed to delivering you kindness you deserve. Thank you for taking a minute to browse our *Wobenzym* website. experts [sic] agree, *Wobenzym* is a [sic] astonishing way to stay ahead.

> When you are ready, easy pick up the email [sic] and email us to discuss Wobenzym. Thank you for your interest, we look forward to working on you. ask [sic] for more information. Wobenzym clientele assistance is constant [sic] a top priority at Arthur Andrew Medical, Inc.

[*Id.*]

20.     When a visitor clicks on any of the "Wobenzym" products listed on the *www.wobenzym.ws* website, the visitor is taken to a page of *www.wobenzym.ws* that offers for sale AAM's product, Neprinol, which has the effect of suggesting to a reasonable consumer that Neprinol is a Wobenzym® product.

21.     By using a deceptively similar (indeed, virtually identical) Internet domain name *wobenzym.ws*, by displaying the name "Wobenzym" repeatedly on the pages of their websites, and by providing the deceptive link from that name to their own product, Neprinol, Defendants are associating their products with those of Marlyn and are diverting Marlyn's existing and potential customers to Defendants' websites and products.

22.     Unless Defendants are restrained by this Court, the Defendants will continue to use the name "Wobenzym" and solicit business in the same deceptive way, confusing the public through means of the false advertising described herein.

23.     Defendants' conduct has caused and, unless enjoined, will continue to cause Marlyn to suffer immediate, irreparable and continuous loss, damage and injury to its goodwill and business reputation.  Marlyn has no adequate remedy at law to prevent such injuries.

**FIRST CLAIM FOR RELIEF**

**(False Designation of Origin
in Violation of the Lanham Act § 43(a) (15 U.S.C. § 1125(a))**

24.     Marlyn repeats and realleges the allegations contained in paragraphs 1 through 23, inclusive.

25.     Because the products that Defendants are offering to the public are substantially similar to and in competition with the products promoted by Marlyn,

- 5 -

Defendants' use of the name and mark "Wobenzym" and similar designations is likely to cause the public to mistakenly believe that Defendants' services and solicitations originate from, are sponsored by, or are in some way associated with Marlyn and the products it provides. As such, Defendants' use of the names and mark "Wobenzym" is a use in interstate commerce of a false designation of origin and/or a false or misleading description or representation in violation of 15 U.S.C. § 1125(a).

26. Defendants advertise their goods in such a manner that there is an express or implied representation that their goods are those of Marlyn, thereby deceiving the public as to the origin and/or identity of the goods.

27. Defendants' unauthorized association of their products with the name "Wobenzym" has, on information and belief, resulted in profits to Defendants and has thereby deprived Marlyn of revenue.

28. By reason of the foregoing, Marlyn has been injured in an amount not yet ascertained.

29. Marlyn is entitled to an award of damages equal to the profits obtained by Defendants, as a result of their false designation of origin and false or misleading descriptions and representations in violation of 15 U.S.C. § 1125(a), in an amount to be ascertained at trial.

30. Because Marlyn was forced to bring and maintain this action as a result of the wrongful acts of Defendants, Marlyn is therefore entitled to recover treble damages and reasonable attorneys' fees incurred in this matter against Defendants, pursuant to 15 U.S.C. § 1117(a).

**SECOND CLAIM FOR RELIEF**

**(Common Law Trademark Infringement and Unfair Competition)**

31. Marlyn repeats and realleges the allegations contained in paragraphs 1 through 30, inclusive.

32. By virtue of its exclusive agreement with the trademark registrant, Marlyn owns and enjoys common law trademark rights in the marks Wobenzym® and

1  Wobenzym®N for use in conjunction with its advertising and promotion of its nationwide
2  business operations, including the right to sue infringers.

3   33.   Defendants' unauthorized use of the mark "Wobenzym" and similar
4  designations for the purpose of promoting and soliciting business for themselves is likely
5  to cause confusion, mistake and deception in the minds of the public and is likely to
6  cause the public to mistakenly believe that Defendants' services and solicitations
7  originate from, are sponsored by, or are in some way associated with Marlyn.

8   34.   Defendants' wrongful conduct violates Marlyn's common law rights in the
9  Wobenzym® mark in the United States.

10   35.   By reason of the foregoing, Marlyn has been injured in an amount not yet
11  ascertained.

### THIRD CLAIM FOR RELIEF
### (Unfair Competition Under Arizona Law)

14   36.   Marlyn repeats and realleges the allegations contained in paragraphs 1
15  through 35, inclusive.

16   37.   Defendants' above-described conduct constitutes active misrepresentation
17  as to the source of their products and is contrary to honest business practice.

18   38.   By reason of the foregoing, Marlyn has been injured in an amount not yet
19  ascertained.

### FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment/Restitution)

22   39.   Marlyn repeats and realleges the allegations contained in paragraphs 1
23  through 38, inclusive.

24   40.   As a result of the acts of Defendants described herein, Defendants have
25  been unjustly enriched in an amount not yet ascertained.

26   41.   In the event this Court finds no adequate remedy at law, Marlyn is entitled
27  to the equitable remedy of restitution.

**WHEREFORE**, based on all the foregoing facts and asserted claims, Marlyn demands that judgment be entered against Defendants, and each of them, jointly and severally, as follows:

 A. That Defendants, their officers, agents, servants, employees and all persons in concert or participation with Defendants be preliminarily and permanently enjoined from:

  (1) Using the word "Wobenzym" or any derivative or shorthand notation of any of the foregoing in connection with advertising, marketing, selling and/or promoting any nutritional supplements and/or nutraceuticals, including the use of such names as part of a domain name, names/marks appearing on a webpage or as metatags;

  (2) Soliciting any business under said names or marks;

  (3) Registering for themselves any such marks;

  (4) Infringing the marks Wobenzym®, Wobenzym®N and any derivative thereof; and

  (5) Selling or marketing services and/or goods in any way that tends to deceive, mislead or confuse the public into believing that Defendants' goods or services are in any way sanctioned by or affiliated with Marlyn or Mucos or any affiliate thereof.

 B. That Defendants be directed to file with this Court and serve on Marlyn within twenty (20) days after entry of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with this injunction;

 C. That any service mark registration or Internet domain name registration owned by any of the Defendants in any state or with any Internet registration service for "Wobenzym" be immediately cancelled;

 D. That Defendants be compelled to assign over to Marlyn all Internet, e-mail, or other electronic addresses employing "Wobenzym";

 E. That Defendants be required to pay to Marlyn the Defendants' profits and the actual damages suffered by Marlyn as a result of Defendants' acts, and that such

1  damages be trebled because of the willful acts described in this complaint, all of which
2  were in disregard of Marlyn's rights and a violation of federal and state law;

3     F.    That Defendants be required to pay all the actual damages suffered by
4  Marlyn as a result of Defendants' trademark infringement;

5     G.    That Defendants be compelled to pay Marlyn's attorneys' fees, together
6  with all costs of this lawsuit; and

7     H.    For such other and further relief as the Court deems just and equitable.
8  Dated:  January 27, 2006.

PERKINS COIE BROWN & BAIN, P.A.


By  s/ Maria Salapska
    Terry E. Fenzl
    Maria Salapska
    2901 North Central Avenue
    Post Office Box 400
    Phoenix, Arizona  85001-0400

Attorneys for Plaintiff Marlyn Nutraceuticals

|   |   |
|---|---|
| 1 | **VERIFICATION** |

The undersigned, Meliha Jelinic, declares under penalty of perjury under the laws of the State of Arizona:

1. That she is a Vice President of Marlyn Nutraceuticals, Inc.;
2. That she has read the foregoing Verified Complaint; and
3. That the facts alleged in the Complaint are true to the best of her knowledge and belief.

Executed this 27th day of January, 2006, in Maricopa County, Arizona.

s/
Meliha Jelinic

324720_2

- 10 -