UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Marlyn Nutraceuticals, Inc., an Arizona corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>Arthur Andrew Medical, Inc., an Arizona corporation, dba Enzymus Medical; Justin Marsh and Jane Doe Marsh, husband and wife; Tom Aldrich and Jane Doe Aldrich, husband and wife; David Hurowitz and Jane Doe Hurowitz, husband and wife; John Doe 1-10, Jane Doe 1-10; ABC Partnership 1-10; and XYZ Corporation 1-10,<br><br>            Defendants. | No. CV 06-0346-PHX-JAT<br><br><br><br>**PERMANENT INJUNCTION** |

The Court having received and considered the pleadings filed by Plaintiff Marlyn Nutraceuticals, Inc. (Doc. #3); and

Defendants Arthur Andrew Medical, Inc., Justin Marsh and Tom Aldrich having stipulated to the entry of a permanent injunction in the form set forth below; and

For good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

    Defendants Arthur Andrew Medical, Inc., Thomas Aldrich, Justin Marsh, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise (collectively "Defendants") shall be permanently enjoined from:

    A.  Using the names "Marlyn Nutraceuticals," "Marlyn," "Naturally Vitamins," or "Wobenzym" or any derivative or related marks, names, logos, photos or product images, including references to Mucos Pharma GmbH & Co. or Mucos Pharma Group's (collectively or individually, "Mucos") enzyme products, in connection with advertising, marketing, selling and/or promoting any of Defendants' own products.  This prohibition shall not preclude Defendants, in connection with marketing their own products, from truthfully and accurately comparing their own products to Wobenzym or other Marlyn or Mucos products, or from marketing their own products in any way that is permitted by law.  The term "related marks" includes marks owned by Marlyn or Mucos, or of which Marlyn is the exclusive user or distributor in the United States or any other region.

    B.  Registering for themselves any of the marks identified in paragraph A above.

    C.  Selling or marketing Defendants' own goods or services in any way that tends to deceive, mislead or confuse the public into believing that Defendants' products, goods or services are in any way sanctioned by or affiliated with Marlyn or Mucos.

    D.  Infringing the marks "Wobenzym," "Wobenzym N," and any derivative of those marks.

    IT IS FURTHER ORDERED that Defendants shall assign to Marlyn, within ten (10) days of the entry of this order, any and all of their interests, rights and/or title to all

internet, e-mail or other electronic addresses that employ "Wobenzym" or any similar mark or any other Mucos mark.

IT IS FURTHER ORDERED that Defendants shall cancel any service mark registration or internet domain name registration with any state or internet registration service, owned by them, that includes the word "Wobenzym" or any similar mark or any other Mucos mark.

Dated this 12th day of June, 2006.

_____
James A. Teilborg
United States District Judge