**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marlyn Nutraceuticals, Inc., an Arizona corporation,<br><br>   Plaintiff,<br><br>vs.<br><br>Arthur Andrew Medical, Inc., an Arizona corporation, dba Enzymus Medical; Justin Marsh and Jane Doe Marsh, husband and wife; Tom Aldrich and Jane Doe Aldrich, husband and wife,<br><br>   Defendants. | No. CV-06-0346-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Attorneys' Fees and Costs (Doc. # 24). The Court now rules on the motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, an Arizona corporation, is the exclusive licensee of the Wobenzym® trademark, which it uses to advertise and distribute various nutritional products. Plaintiff alleges violation of §43(a) of the Lanham Act, infringement of its common law Trademark Rights, violation of the common law of Unfair Competition, violation of the Arizona state law of unfair competition, and Defendants' unjust enrichment due to their actions in relation to their use of the Wobenzym® mark. (Doc. # 1). In essence, Plaintiff claims that Defendants' operation of the website www.wobenzym.ws to sell a competing product constitutes false advertising, trademark infringement, and unfair competition. Plaintiff also

1  alleges that Defendants' conduct was "knowing, willful and intentional." (Doc. # 27).

2  On June 9, 2006, before Defendants had answered to the Complaint, the parties
3  submitted a Stipulation for Entry of Judgement and Permanent Injunction (Doc. # 20). The
4  Stipulation provided, in relevant part:

> 1. The parties stipulate and agree to the entry of a Permanent Injunction in the form submitted with this Stipulation. In general terms, that proposed injunction prohibits Defendants from the further use of and/or infringement on Plaintiff's trademarks, and Defendants agree to assign any rights that they might have in certain internet registrations.
>
> 2. The parties also stipulate to the dismissal of this matter with prejudice upon the resolution of the question of reasonable attorneys' fees and costs addressed in paragraph 3 below.
>
> 3. The parties further stipulate to submit to the Court the question of the reasonable amount of attorneys' fees, costs and expenses, if any, to be awarded to Plaintiff.

The court issued a permanent injunction on June 12, 2006. Subsequently, the parties submitted briefs on the issue of attorneys' fees and costs. Plaintiff pursues attorneys' fees and costs under its Lanham Act claim. (Doc. # 24). Plaintiff claims fees in the amount of $31,257.50 and expenses in the amount of $3,236.23. Plaintiff requests an additional $4,220.00 in attorneys' fees for preparation of the Memorandum in Support of the Motion for Attorneys' Fees and Costs and the Reply in Support the Motion for Attorneys' Fees and Costs (Doc. # 32).

**II.     LEGAL STANDARD AND DISCUSSION**

The relevant attorneys' fees provision of the Lanham Act states, "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The relevant costs provision of the Lanham Act states that "When a violation of any right of the registrant of a mark registered in The Patent and Trademark Office, or a violation

1  under section 1125(a) of this title, shall have been established in any civil action arising
2  under this chapter, the plaintiff shall be entitled ... to recover ... the costs of the action." 15
3  U.S.C. § 1117(a).  The issues before the court are: 1.) whether Plaintiff has established a
4  trademark violation and 2.) whether this case meets the "exceptional case" requirement of
5  § 1117(a).  The Court holds that, even if Plaintiff is the "prevailing party" under the statute,
6  the Plaintiff has not met its burden of establishing a trademark violation, let alone an
7  "exceptional" case.

8        The Court will address first whether the case qualifies as "exceptional" under the
9  statute.  "While the term 'exceptional' is not defined in the statute, generally a trademark
10 case is exceptional for purposes of an award of attorneys' fees when the infringement is
11 malicious, fraudulent, deliberate or willful." *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.3d 1400,
12 1409 (9th Cir. 1993), *see also Earthquake Sound Corp. v. Bumper Industries,* 352 F.3d 1210,
13 1216 (9th Cir. 2003).  The Ninth Circuit clarified this definition in *Stephen W. Boney, Inc. v.*
14 *Boney Services, Inc.*, stating "[t]his definition ... refers to the nature of the defendant's
15 infringement in a case where the plaintiff prevails."  127 F.3d 821, 826 (9th Cir. 1997).
16 Awarding attorneys' fees under the Lanham Act requires that the trial court's decision "be
17 explicit enough to give the appellate court clear understanding of the basis of the trial court's
18 decision, and to enable it to determine the ground on which the trial court reached its
19 conclusion."  *Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 815 (9th Cir. 2003).
20 Courts have found "exceptional" status when a prevailing plaintiff has successfully carried
21 its burden of establishing infringement that was either malicious, fraudulent, deliberate, or
22 willful. *Transgo, Inc. v. Ajac Transmission Parts Corp.,* 768 F.2d 1001, 1027 (9th Cir.1985);
23 *Sealy, Inc. v. Easy Living, Inc.,* 743 F.2d 1378, 1384 (9th Cir.1984); *Horphag Research Ltd.*
24 *v. Pellegrini*, 337 F.3d 1036, (9th Cir. 2003).  However, in those cases, the Courts had factual
25 records on which to base their decisions.  Absent a record or a ruling on the facts, this court
26 cannot award attorneys' fees for "exceptional" circumstances.

27
28

1  Plaintiff seemingly argues that it has met its burden of showing an "exceptional"
2 case based solely on the Complaint, application for a preliminary injunction, and supporting
3 exhibits because Defendant stipulated to a permanent injunction. Plaintiff argues that by
4 agreeing to the injunction, Defendants have admitted everything in the pleadings. The Court
5 disagrees. The Defendants agreed only to the provisions of the stipulation, nothing more.
6 Plaintiff could have conditioned acceptance of the stipulation upon admission of certain facts
7 in the case, but did not. The Court cannot award fees on a record devoid of any factual
8 determination of an "exceptional" trademark violation. The Court therefore denies the
9 request for attorneys' fees.

10 Because no factual record exists, Plaintiff also has not met its burden of showing the
11 Defendants violated the Lanham Act, as required to acquire costs. The Court therefore
12 denies Plaintiff's motion for costs.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** denying Plaintiff's Motion for Attorneys' Fees and Costs (Doc. # 24).

DATED this 8th day of March, 2007

James A. Teilborg
United States District Judge

- 4 -